**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ARTHUR WAYNE CLEMMER, | : | **Hon. Jerome B. Simandle** |
| Petitioner, | : | Civil No. 12-3859 (JBS) |
| v. | : |  |
| DONNA ZICKEFOOSE, | : | **O P I N I O N** |
| Respondent. | : |  |

**APPEARANCES:**

    ARTHUR WAYNE CLEMMER, #38836-037
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner Pro Se

**SIMANDLE, Chief Judge**:

    Arthur Wayne Clemmer, an inmate currently confined at the FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") final determination that he is not eligible for an early release incentive.  This Court will dismiss the Petition because Petitioner is not entitled to habeas relief.

## I.   BACKGROUND

    Petitioner challenges the BOP's decision that he is not eligible for an early release incentive.  See 18 U.S.C. § 3621(a) and (e).  Petitioner is serving a 120-month sentence imposed by the United States District Court for the District of Maryland on

December 9, 2005, based on his guilty plea to Unlawful Possession of a Silencer in violation of 26 U.S.C. §§ 5861(d) and 5871. See <u>United States v. Clemmer</u>, Crim. No. 05-0277 (AW)-1 judgment (D. Md. Dec. 9, 2005).  With good conduct time, Petitioner's projected release date is February 20, 2014.  (Dkt. 1 at 19.)

On November 1, 2011, Clemmer submitted an informal remedy (BP-8) to his counselor in which he complained that he was denied early release incentive under the Residential Drug Abuse Program ("RDAP") and the Second Chance Act on the basis of his conviction for possession of a silencer.  (Dkt. 1 at 5.)  On November 17, 2011, Correctional Counsel J. Sanchez advised him that on July 28, 2011, BOP officials determined that he is not eligible for early release under the regulations governing RDAP because he was convicted of  unlawful possession of a silencer.  (Dkt. 1 at 6.)  Clemmer submitted a request for administrative remedy asking the warden to either find him eligible for the early release incentive or explain the legal basis for his ineligibility.  (Dkt. 1 at 7.)  On December 2, 2011, Warden Zickefoose denied administrative relief.  The Warden noted that the Designation and Sentence Computation Center determined that he is ineligible for early release for successful completion of the RDAP because his conviction for unlawful possession of a silencer precluded eligibility under 18 U.S.C. § 3621(e), as a silencer is a firearm under 26 U.S.C. § 5845(a).  (Dkt. 1 at 8.)  The Warden further

stated that early release eligibility under § 3621(e) is separate from prerelease custody placement pursuant to the Second Chance Act, and that it was too early to consider him for prerelease custody placement under the Second Chance Act (since his projected release date was more than 17 months away.)  Id.

Clemmer appealed to the BOP's Northeast Regional Director: "I have been denied early release on the Second Chance Act and RDAP program due to my non violent possession of a silencer firearms offense.  What Bureau rule, CFR U.S.C. or case law supports denial?"  (Dkt. 1 at 10.)  On January 10, 2012, the Regional Director denied relief as follows:

> Program Statement 5331.02, Early Release Procedures under § 3621(e), and the implementing Bureau regulation at 28 C.F.R. 550.55(b)(5) provide that certain categories of inmates are not eligible for early release.  The regulation at § 550.55(b) provides that as an exercise of discretion vested in the Director of the BOP, inmates who have a current felony conviction for an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive are not eligible for early release.  In addition, Program Statement 5162.05, Categorization of Offenses states, the BOP has the authority to deny early release, if the offense falls under the category of Director's discretion, and the offense involved the possession of a firearm or other dangerous weapon.
>
> According to records, your instant offense involved the Unlawful Possession of a Silencer which is defined as a firearm in 26 U.S.C. § 5845(a).  Based on this we concur that you are ineligible for early release consideration.  Accordingly, your appeal is denied.

(Dkt. 1 at 11.)

Clemmer appealed the Regional Director's decision to the BOP's Central Office, which denied relief by failing to issue a decision within the time set forth in the regulations governing the Administrative Remedy Program.

Clemmer executed the § 2241 Petition presently before this Court on June 20, 2012, and the Clerk accepted it for filing on June 25, 2012.  Clemmer raises one ground:

> Ground One:  FAILURE TO IMPLEMENT THE INCENTIVE PROVIDED IN 42 USC 17541, SUBTITLE C ADMINISTRATION OF JUSTICE REFORMS, CHAPTER 1 - IMPROVING FEDERAL OFFENDER REENTRY, SECTION 231. FEDERAL PRISONER REENTRY INITIATIVE (a), (1), (G).
>
> Supporting Facts:  Petitioner requested participation in the incentive program.  Petitioner wants to obtain an incentive that Congress has mandated that the BOP shall provide.  No incentive exists.  Petitioner asks the court for Maximum Allowable RRC placement.  This is the incentive that Congress has recommended.  Petitioner has exhausted all administrative remedies.  The last remedy BP-11 dated Jan. 22, 2012.  It was received in the central office Jan. 30, 2012.  No response has been received to date.  Response due date: March 10, 2012.  It is re[a]sonable to believe that this last request has been rejected.  All remedies have been exhausted.  SEE ATTACHED EXHIBITS.

(Dkt. 1 at 11.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

4

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed the Petition, and he challenges the denial of early release on federal grounds. See Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991). Moreover, if the BOP incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. See Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

B.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

C.  Early Release Incentive

Although Clemmer does not refer to 18 U.S.C. § 3621(b)(5) in the Petition itself, this Court liberally construes the Petition as challenging his ineligibility for the early release incentive. Clemmer attached his administrative remedy request, appeals, and decisions to the Petition, and he raised this ground in his administrative remedy request and appeals.

Congress requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."[1] 18 U.S.C. § 3621(b)(5). To carry out this mandate, the statute provides an early release incentive for eligible prisoners who successfully complete the Residential Drug Abuse Program. See 18 U.S.C. § 3621(e)(2). The statutes provides in full:

> (e) **Substance abuse treatment.**--
>
> **(1) Phase-in.** -In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.
>
> **(2) Incentive for prisoners' successful completion of treatment program**.
>
>     **(A) Generally**. Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate . . .

---

[1] Congress authorized such sums as may be necessary to carry out this requirement through the year 2011. See 18 U.S.C. § 3621(e)(4).

> **(B) Period of custody.** The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §§ 3621(e)(1)(C), 3621(e)(2).

On January 14, 2009, the BOP published a final rule revising the drug abuse treatment program regulations, which became effective on March 16, 2009. See 74 Fed. Reg. 1892 (Jan. 14, 2009). The regulation in effect today provides:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

28 C.F.R. § 550.55(b)(5)(ii).

In adopting the above final regulation, the BOP rejected a comment recommending that this section be altered so that inmates convicted of an offense that involved the carrying or possession (but not use) of a firearm or weapon would be eligible for early release consideration. See 74 Fed. Reg. 1892, p. 8. The BOP's rationale for rejecting this comment is set forth below:

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a

> felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

74 Fed. Reg. 1892, p. 8.

In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court held that the BOP's (prior) regulation which categorically denied early release to prisoners whose current offense is a felony attended by "the carrying, possession, or use of a firearm," 28

9

C.F.R. § 550.58(a)(1)(vi)(B), was a permissible exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B).  The Court explained its rationale:

> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so.  In this familiar situation, where Congress has enacted a law that does not answer the precise question at issue, all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design . . . . We think the agency's interpretation is reasonable both in taking account or preconviction conduct and in making categorical exclusions . . .
>
> Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez is permissible.  The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Lopez, 531 U.S. at 242, 244 (citations and internal quotation marks omitted).  Moreover, the Court emphasized that, because "the statute cannot be read to prohibit the Bureau from exercising its discretion categorically or on the basis of

10

preconviction conduct, [petitioner's] reliance on the rule [of lenity] is unavailing." Lopez, 531 U.S. at 244 n.7.

This Court holds that the BOP did not abuse its discretion or violate federal law by determining that Clemmer is not eligible for the early release incentive based on 28 C.F.R. §550.55(b)(5), since federal law unequivocally defines "firearm" to include a silencer.[2] See 26 U.S.C. § 5845(a)(7) ("The term 'firearm' means . . . any silencer"); Gardner v. Grandolsky, 585 F.3d 786 (3d Cir. 2009) (holding that regulation making inmates convicted of felony involving carrying, possession, or use of a firearm ineligible for early release incentive is not arbitrary and capricious or violation of Administrative Procedure Act); Gray v. Feather, 2012 WL 726926 (W.D. Wash. 2012) (dismissing § 2241 petition challenging BOP's determination that conviction for possession of a machine gun and silencer precluded eligibility for early release incentive under 28 C.F.R. § 550.55(b)(5)(ii)). This Court will dismiss Petitioner's challenge to the final determination finding him ineligible for the early release incentive under 18 U.S.C. § 3621(e)(2)(B).

---

[2] Clemmer exhausted this claim, as he appealed the Regional Director's decision to the Central Office, which failed to render a decision within the time allotted in the regulation. The regulation provides that the General Counsel shall respond within 40 calendar days, see 28 C.F.R. § 542.18, and, if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

D.  Incentive Under 42 U.S.C. § 17541

In the Petition, Clemmer asserts that he is entitled to habeas relief because the BOP "fail[ed] to implement the incentive provided in 42 USC 17541 . . ."  (Dkt. 1 at 3.) Section 17541(a) provides that the BOP "shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative . . for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include - (A) the maximum allowable period in a community confinement facility."  42 U.S.C. § 17541(a)(2)(A).

Although § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  Administrative exhaustion  promotes the following goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757,

12

761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).  To exhaust a claim, the inmate must present the claim to the BOP in its three-tier Administrative Remedy Program.[3]

Although Clemmer states in the Petition that he exhausted administrative remedies, his administrative remedy request, his administrative appeals, and the BOP's administrative decisions (which are attached to the Petition), demonstrate that Clemmer did not present this specific claim to the BOP.  See Muniz v. Zickefoose, 460 Fed. App'x 165, 166 (3d Cir. 2012) (exhaustion before BOP is issue specific).  Clemmer has not shown that exhaustion would be futile or that the purposes of exhaustion would not be served in his case, and this Court sees no reason to excuse his failure to exhaust this claim before the BOP.  This Court will dismiss this ground as unexhausted.  See Vasquez v. Strada, ___ F.3d ___, 2012 WL 193359 (3d Cir. June 1, 2012) (affirming dismissal of § 2241 petition challenging failure to give inmate 12-month placement under Second Chance Act and

---

[3] An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13.  If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden.  See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11).  See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal.  Id.

failure to implement reentry initiative under § 17541(a)(1)(G) and (2))).[4]

E.  Second Chance Act

To the extent that Clemmer challenges the BOP's failure to determine the time period for his prerelease custody placement under the Second Chance Act, see 18 U.S.C. § 3624(c), this Court will dismiss the claim.  As Warden Zickefoose explained in her denial of Clemmer's administrative remedy request, the BOP does not consider prerelease placement under the Second Chance Act until 17 months before an inmate's projected release date and Clemmer is more than 17 months from his projected release date. This Court will dismiss the claim under the Second Chance Act because the BOP properly declined to determine his prerelease custody placement when he had more than 17 months remaining to serve on his sentence.  See Guess v. Werlinger, 421 Fed. App'x 215 (3d Cir. 2011) (rejecting inmate's contention that the scheduling of the prerelease hearing under Second Chance Act until at least 17 months before projected release date violates federal statutes).

---

[4] Alternatively, this Court will dismiss the claim on the merits.  See Vasquez v. Strada, ___ F.3d ___, 2012 WL 193359 (3d Cir. June 1, 2012).

14

## III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for Writ of Habeas Corpus.

 **s/ Jerome B. Simandle**
**JEROME B. SIMANDLE**
Chief Judge

Dated: **July 3, 2012**

15